Scranton & Pittston Traction Company v. the President, Managers and Company of the Delaware & Hudson Canal Company, Appellants.

The President, Managers and Company of the Delaware & Hudson Canal Company, Lessees, Appellants, v. Lackawanna Street Railway Company and the Scranton & Pittston Traction Company, Lessees.

Petition of the Scranton and Pittston Traction Company for modification of decree entered in the above case, April 14, 1897. See Traction Co. v. Canal Co., 180 Pa. 636.

Decree modified. The facts stated in the petition are:

1. That the railway of the Scranton and Pittston Traction Company, being the appellee above named, is now and has been in operation from Scranton to Pittston for upwards of three years; that the crossing concerning which the decree in the above case was filed was put in on Wyoming avenue in the village of Moosic in December, 1895, under the supervision and to the satisfaction of the Delaware and Hudson Canal Company, and that the road has been operated over that crossing since that time; that the road of the Scranton and Pittston Traction Company is about twelve miles long, and accommodates a large number of people. During the time in which it has been in operation there have been no accidents of any kind at the point named.

2. That the crossing was put in at this point after the decree of the court of common pleas of Lackawanna county, allowing the same, at a cost of $2,200. The Delaware and Hudson Canal Company supervised and superintended the construction of the crossing, and it was built in all respects in accordance with its wishes and approval. As constructed, it does not in any way interfere with the operating of the railroad; the cars passing over it without a jolt or jar; to leave it in place will in no way inconvenience the said railroad company.

3. By decree of your honorable court your petitioner has been enjoined from operating or maintaining the said crossing. The effect of this decree is to cut the traction company road in two parts and practically destroy its efficiency as a carrier of passengers.

4. That there are outstanding in the hands of innocent holders, about $300,000 of bonds upon the road, which, if the road cannot be operated, will be rendered practically valueless.

5. Your petitioner respectfully prays that the said decree may be modified as follows:

(*a*) To allow your petitioner to operate and maintain the said crossing a reasonable length of time to enable it to, if possible, map out some other route by which to connect with its road by crossing overhead at some other point.

(*b*) To allow your petitioner to use said crossing for the purpose of passing empty cars and wreck cars over the same when necessary.

(*c*) That pending this motion all proceedings to enforce the said decree be stayed.

ORDER OF MR. CHIEF JUSTICE STERRETT:

April 23, 1897, the foregoing petition presented to me at chambers, and, upon due consideration thereof, leave is hereby granted to file the same, and also enter a motion for modification of decree as therein prayed for.

The appellant's answer was as follows:

1. The appellant states that before the road of the Scranton and Pittston Traction Company was completed, and before any attempt had been made on the part of the said traction company to cross at grade the tracks of said appellant in the village of Moosic, in the county of Lackawanna, notice was given to the said traction company, appellee, that such crossing at

grade would be resisted by the Delaware and Hudson Canal Company by all legal methods.

2. That there are no innocent bondholders to be affected by the order of this court reversing the decree of the Superior Court and the court of common pleas of Lackawanna county in reference to such grade crossing, for the reasons:

1. That before the road was completed a preliminary injunction was applied for on behalf of the appellant against the said traction company, and was granted by the court, restraining it from crossing at grade at Wyoming street, and also at Spring street, upon the ground that each of said crossings was dangerous to human life, and that there were no mechanical or engineering difficulties in the way of an overhead or under-grade crossing at either point. On full hearing, such preliminary injunction was continued until final hearing. Such record was notice to all intending purchasers of bonds of the Scranton and Pittston Traction Company that the question of crossing at grade was one submitted to a court of equity and, until final decision, it could not be determined whether such crossing could be made at grade or not, and any intending purchaser of the bonds of said company well knew that a final adjudication had not been made by a court of last resort; that the method of crossing the tracks of appellant could not be determined, and that any order or decree of the court of common pleas, which was immediately appealed from, would not be necessarily final or conclusive, nor could it be used as a basis for the purchase of bonds, if the value of such bonds was to be in any manner affected by the decision of the question as to how the crossing of the tracks at Moosic should be effected by the said traction company.

3. The said appellant did not in any manner consent to or acquiesce in the construction or operation of said crossing of its tracks at grade, at Moosic; such crossing was made and effected after the final decree of the court of common pleas of Lackawanna county, from which an appeal was immediately taken, and which decree finally determines: That such crossing constructed in the best possible manner is dangerous to life, and the mere fact that at this particular point an accident has not happened during the time in which it has been operating, is no guarantee that an accident may not happen to any

train, at any future time, for it was in evidence and undisputed that at Carbon street in the city of Scranton where the electric railway crosses at grade the tracks of the appellant, the cars of the electric company were stalled upon the tracks of the appellant as often as once in two weeks during the period of two years, previous to the time when the evidence was taken in this case.   And it is a matter of common notoriety that accidents are occurring almost daily, of various kinds, to passengers, by the derailment of cars, and by other accidents occurring upon the tracks of the Scranton and Pittston Traction Company, the appellee, and all other electric railways traversing the Lackawanna and Wyoming valleys.

4. That so far as the effect of this decree is concerned upon the road of the traction company it is not taken by surprise, and could have provided against any trouble or inconvenience had it seen fit to do so; but relying upon the court of common pleas, it has so arranged its road, as that it would inconvenience it to be prohibited by this decree from crossing the tracks of the appellant at grade.

It was a matter of which in the construction of its road it took and assumed the risk; that is not a matter which appeals at all to the equitable powers of this court to relieve it from.   And the appellant further states that any grade crossing of whatever construction, put in and maintained across the steam tracks of the appellant, is a constant source of danger to the traveling public upon the same, as well as the overhead trolley wire crossing their tracks.   It is not true that the cars pass over its crossing as laid without a jolt or jar, and that the same does not interfere with the operation of the steam railroad; that it is impossible to cut a railroad track at any point without injuring the rails and producing uneven conditions.

*H. W. Palmer, Lemuel Amerman* and *A. W. Watres*, for appellee.—The appellee is addressing the equity side of the court, not for the purpose of rearguing the question of grade crossings, but to ask that such a modification of the decree in this case may be made as will save its property and prevent its bondholders from suffering loss.

The modification asked for will not in any way affect the judgment of the court upon the question of grade crossings.

It is not opposed to the object secured by the decree. It preserves the safety of the traveling public. It does not permit the carrying of passengers over this crossing. It requires them to walk across the tracks of the appellant on the public highway. The railway of the appellee over this crossing ceases to be a railway for carrying the public. The modification is not asked for indefinitely, but until the appellee may, if possible, secure some other route and construct a railway so as to avoid this grade crossing.

Should this crossing be taken up, the road from Moosic to Pittston could not be operated, because: (*a*) The car barn, repair shop, organization and power house are located at Scranton, as above set forth. (*b*) The wreck car and repair cars with their crews are located in Scranton, and in case of a car getting off the track or breaking down at any point south of this crossing they could not reach the point to replace the car on the track or make repairs. (*c*) Should an armature burn out of a car south of Wyoming street the car could not be gotten to the repair shop and would be worse than useless. (*d*) If the trolley wire power cable became disabled it could not be reached with the proper appliances to repair it. (*e*) The cars could not be housed or washed—an important factor in the operation of a road.

The overhead or underground crossing on Wyoming street, under the objections made by the adjoining property holders, this being in a township, we are without power to make.

The appellee fully appreciates the difficult problem it has to solve. It cannot cross at this point either at grade, overhead or by an under crossing. It must, to protect itself and its bondholders from destruction, secure some other route if possible. It is now using and will continue to use its best endeavors, by a circuitous route, to avoid this crossing.

*W. H. Jessup, James H. Torrey* and *W. H. Jessup, Jr.*, for appellant.—The appellee having had full notice before it constructed a road at grade across the tracks of the appellant's steam road at Moosic, that the same would be resisted by all legal means, it was bound to provide any necessary protection to its road which an adverse decision might require.

It accepted the situation and, now that it is defeated in the

controversy, it has no equity to come in and claim that it shall longer be permitted to endanger the lives and limbs of the traveling public upon the road of the appellant, as well as upon its own road, simply because it may reduce the receipts of the road in some trifling manner, or even cause inconvenience for a few days until it makes other arrangements for supplying power from the lower end of the line as at present; that seems to be all there is to it.

Its second proposition is to allow the appellant to use said crossing for the purpose of passing empty cars and wreck cars over the same when necessary. This would oblige the continuing of the crossing with all the dangers attendant upon having a crossing of any kind of grade upon the tracks of the appellant, and this is a danger which could not be avoided so long as the crossing remains for any purpose, and also the overhead trolley wire which is a constant source of danger to the employees of the appellant in passing their cars over said crossing.

PER CURIAM:

And now June 1, 1897, it is ordered that the decree of the Supreme Court entered in within case on April 14, 1897, be modified as follows: The execution of the injunction is suspended so far as to permit the Scranton and Pittston Traction Company to run its cars over Wyoming crossing, for housing at its car barns; also cars disabled or out of repair to and from the repair shops; also its wreck cars until July 1, 1897.